THE REMINGTON PAPER COMPANY, RESPONDENT, *v.* ANNA M. O'DOUGHERTY AND PATRICK O'DOUGHERTY, IMPLEADED, ETC., APPELLANTS.

*Action to cancel a forged deed as a cloud upon title—maintainable when the deed contains a proper certificate as to its having been acknowledged, and has been recorded.*

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The plaintiff recovered a judgment in the Supreme Court against the defendant, Patrick O'Dougherty, on the 24th of April, 1873, for $2,822.40, upon which an execution was issued and various parcels of real estate sold by the sheriff of Jefferson county on the 12th day of December, 1874, and bid off by the plaintiff at various prices, set forth in the schedules annexed to the complaint, and the said execution was thereupon returned satisfied and a certificate of sale issued to the plaintiff on the 22d of December, 1874. The judgment was recovered in an action for the breach of a contract, bearing date on the 28th day of April, 1866, whereby the said Patrick O'Dougherty agreed to sell to the plaintiff certain lots of land and water power and privileges, situate in what was called Jahelville, now a part of Watertown, in the county of Jefferson.

The complaint in this action, after setting forth the foregoing facts, also alleges that the plaintiff is the owner, by assignment, of three several judgments recovered in justices' courts against said Patrick in 1872 and 1873, and docketed in the office of the clerk of Jefferson county, on which three judgments executions have been issued to the sheriff of Jefferson county and returned unsatisfied. The complaint, in substance, charges a conspiracy by and between said Patrick O'Dougherty and Anna his wife to hinder, delay and defraud the creditors of the said Patrick in various modes and by various contrivances, by which the said Patrick and Anna M., acting in concert, have endeavored to cause the titles to various parcels of real estate to be vested in the said Anna M. in order to defraud the creditors of the said Patrick, who is alleged to be insolvent.

The complaint appears to have been intended as a complaint with a double aspect ; first, to remove certain alleged clouds, which it is alleged that the defendants Patrick and Anna M. have fraudulently created upon the title to various parcels of property purchased by the plaintiff upon its said execution, and which clouds have been created by the fraudulent conduct in the premises of the said Patrick and Anna M., acting in concert; and, also, as to the three justices' judgments, as an action in the nature of a creditor's bill, to reach the real interest of the said Patrick in the various parcels of real estate upon which the said alleged clouds have been so created.

John O'Dougherty, the father of the said Patrick, and of whom the said Patrick was the only child and sole heir-at-law, resided until his death with the said Patrick, at Watertown, and died intestate in April, 1872, and the said Patrick was duly appointed the administrator of the estate.

The complaint states that certain parcels of land, water-rights etc., described in numbers eleven and twelve, in exhibit A, annexed to the complaint, were in the possession of and belonged to John O'Dougherty at the time of his death; but that at some time the said Patrick made, or caused to be made, a writing, which purports to be a conveyance of said parcels numbers eleven and twelve from the said John O'Dougherty to the defendant Anna M., bearing date on the 25th day of December, 1861, and which purports to have been then acknowledged by the said John, before the said Patrick as a justice of the peace, and which was recorded in the office of the clerk of Jefferson county as a deed, on the 22d day of December, 1868, which pretended deed the complaint alleges to be a forgery, and the certificate of acknowledgment false, and which is charged to be a cloud upon the right and title of the plaintiffs to the said parcels eleven and twelve, part of the premises purchased by the said plaintiff on its execution; and the complaint further avers that the pretended conveyance and the false certificate of acknowledgment and the recording thereof were made, or caused to be made, by said Patrick and Anna, with a view to hinder, etc., the creditors of said Patrick. The answer of the defendants Patrick and Anna, after denying the facts alleged, insists in regard to the said conveyance from

John O'Dougherty to Anna M. O'Dougherty, that the plaintiff has an adequate and full remedy at law, and that a court of equity has no jurisdiction, and the same ground was taken before the referee, who was in substance requested to dismiss the complaint, as to the said alleged forged deed upon that ground.

The court at General Term said : " The only relief asked by the said plaintiff, as to the said parcels eleven and twelve, is upon the ground that the said deed is a forgery and the certificate of acknowledgment false ; that the real estate therein described, in fact, descended to Patrick O'Dougherty as the heir of John, and that the said alleged deed is a cloud upon the title of the said plaintiff acquired by its purchase at the said execution sale.

Forgery has been held to be a ground for relief in equity (Spence on Equitable Jurisdiction, 626; *Peake* v. *Highfield*, 1 Russ., 559.) But it may be doubted, under the modern decisions, whether an action will lie to set aside a conveyance as a cloud upon title, upon the ground that the conveyance is a forgery, because as to such defense there is a perfect remedy at law in an action of ejectment, or by proceedings in the nature of an action of ejectment, to compel the determination of claims to real property. "A court of equity will not decree the cancellation of a written instrument unless some special circumstances exist, establishing the necessity of a resort to equity to prevent an injury which might be irreparable, and which equity alone is competent to avert. The mere fact that a defense exists to the instrument is insufficient, nor is it sufficient that evidence to establish the defense may be lost by delay, as a summary mode is provided by statute for perpetuating evidence, and an action is not necessary for that purpose." (*Town of Venice* v. *Woodruff*, 62 N. Y., 462.) So in *Washburn* v. *Burnham* (63 N. Y., 132) it was held that an action cannot be maintained to cancel as a cloud upon title an executory contract for the sale of land, made by one claiming to act as agent for the owner, but having in truth no such authority, because the defect would necessarily appear in any proceeding, by one claiming under the contract to enforce it, as he would be required to prove the authority of the agent.

If the complaint, so far as the deed from John O'Dougherty is concerned, was founded solely on the alleged *forgery* of the deed,

it may be doubted whether an action could be maintained in equity to set it aside as a cloud upon title ; but the propriety of the exercise of such jurisdiction in this case grows out of the effect of the recording act together with the certificate of acknowledgment alleged to be false.    Patrick O'Dougherty was a justice of the peace, and as such, a proper officer to take and certify to the acknowledgment in this instance, notwithstanding his relationship to the grantor and grantee.    (*Lynch* v. *Livingston*, 6 N. Y., 422.)    The recording act provides that a deed so acknowledged may be recorded and such record, or a certified copy thereof, may be read in evidence.    There is no doubt but that the certificate of acknowledgment is genuine in the sense that it was, at some time, written and signed by Patrick O'Dougherty, who was, at the time it bears date, a justice of the peace, and by virtue of that certificate the deed has been recorded.

True, the recording act provides (1 R. S. [2d ed.], 749, § 17) that the certificate of acknowledgment shall not be conclusive, but may be rebutted, and the force and effect thereof contested by any party affected thereby.    Nevertheless, the genuine certificate of acknowledgment would *prima facie* prove the execution of the deed by the grantor, and the record of the deed would be sufficient proof of its due execution, rendering a resort to evidence *aliunde* necessary in any attempted impeachment of the title purporting to have been conveyed by the forged deed.    We think, therefore, that in such a case, equity has jurisdiction to try and determine the question, and to remove or cancel the record of the conveyance as a cloud upon title.

True, the referee does not find in terms that Patrick's certificate of acknowledgment was false, but he does so in effect by the finding that John O'Dougherty died seized of the property described in the conveyance, and that it descended to Patrick who was the owner at the time when the plaintiff recovered its judgment."

*D. O'Brien*, for the appellants.    *L. J. Dorwin*, for the respondent.

Opinion by TALCOTT, J.; MULLIN, P. J., concurred; SMITH. J. not sitting.

Judgment modified so far as it sets aside, as void, the deed from the sheriff of Jefferson county to Anna M. O'Dougherty of the parcels of land, described as parcels number eleven and twelve, as stated in the opinion, and as to the residue, affirmed with costs of appeal to the respondent.